IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIE WILLIAMS, No. 10-0089,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-00315-MJR |
| | ) | |
| **JEFFERY FARRIS,** | ) | |
| **MARK CLARK,** | ) | |
| **TIMOTHY BROWN,** | ) | |
| **PAUL JONES,** | ) | |
| **MICHAEL ALTHOFF, and** | ) | |
| **TIMOTHY CAPPS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Willie Williams is a pretrial detainee at the Tri-County Justice Center ("Tri-County"), facing first degree murder charges. Williams has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that the defendants—Timothy Capps, his criminal defense attorney; Alexander County State's Attorney Jeffery Farris; Circuit Judge Mark Clark; Sheriff Timothy Brown; Circuit Clerk Paul Jones; and court-appointed psychologist Michael Althoff—conspired to deny him access to the courts in violation of the First Amendment, deny him due process in violation of the Fourteenth Amendment, and to violate his First Amendment right to the free exercise of his religion.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Williams claims that, at the instigation of his defense attorney and the prosecutor, and by order of the Illinois Circuit Court, he has been held for psychiatric review and been medicated against his Muslim beliefs. Without Williams' permission, his defense attorney provided court-appointed psychologist Michael Althoff with a prior psychiatric evaluation that incriminated Plaintiff.

Plaintiff has attempted to file *pro se* motions seeking the dismissal of the charges against him, for the withdrawal of his attorney, and to quash the court-ordered psychiatric exam and medication, to no avail. Plaintiff believes the Circuit Clerk, at the request of the prosecutor, failed to file Plaintiff's motions.

It is further alleged that Sheriff Brown has ignored evidence of other causes of death, and that the coroner signed a false death certificate. Plaintiff contends that all of the defendants have conspired in order to secure a conviction, thereby ensuring Sheriff Brown's reelection and that the coroner's wrongdoing will not be exposed.

**Discussion**

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; this action is subject to summary dismissal. Although Plaintiff's factual allegations strike this court as utterly fantastic, the perspective from the court of appeals is often different (*see Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013)), and these days the utterly fantastic fills the news. In any event, the complaint is fatally flawed in other respects.

All of the claims in the complaint concern Plaintiff's dissatisfaction with the handling of his pending criminal case. As a rule, a federal court shall not intervene in a pending state criminal prosecution. *See Younger v. Harris*, 401 U.S. 37, 54 (1971) (state prosecution may be enjoined only on a "showing of bad faith, harassment, or any other unusual circumstances that call for equitable relief"); *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993); *Collins v. County of Kendall, Ill.,* 807 F.2d 95, 98 (7th Cir. 1986), *cert. denied*, 483 U.S. 1005 (1987). No such circumstances are presented here, in that the allegations of a conspiracy and other acts that could be characterized as bad faith are nothing more than legal assertions disguised as fact.

The issues of Plaintiff's psychological evaluation, medication, and fitness to stand trial on his pending criminal case are matters for the state court to determine in its sound discretion. *See Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995) (under *Younger* abstention doctrine, plaintiffs confined in mental health treatment center after being adjudicated not guilty by reason of insanity (NGRI) could not maintain Section 1983 action challenging "conditions of confinement that are actively supervised by state courts," but must bring complaints regarding their treatment plan in state court (citing *Younger v. Harris,* 401 U.S. 37 (1971))); *see also Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).  Because the issues of Plaintiff's fitness and his appropriate treatment are the subjects of an ongoing state court case, it would be improper for this Court to insert itself into that pending state matter, even if Plaintiff's allegations stated a constitutional claim.  Plaintiff will have the opportunity to raise any errors regarding his psychological treatment or the quality of his representation in the trial court, as well as in an appeal or state post-conviction proceeding.

Because this action will be dismissed pursuant to the *Younger* abstention doctrine, immunity issues and other aspects of the Section 1983 claims will not be addressed.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims are **DISMISSED** without prejudice.  Defendants **JEFFERY FARRIS**, **MARK CLARK**, **TIMOTHY BROWN**, **PAUL JONES**, **MICHAEL ALTHOFF** and **TIMOTHY CAPPS** are **DISMISSED** from this action without prejudice.  The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

Plaintiff is **ADVISED** that if he wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P.

4(a)(4).  The appellate filing fee is $455.00.  Any motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: April 22, 2013**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**
